## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIKE RAYE AIKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-12-0067-HE |
| | ) | |
| THE OKLAHOMA PUBLISHING | ) | |
| COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Mike Aikins filed this lawsuit asserting nine claims arising from his former employment with defendants Oklahoma Publishing Company ("OPUBCO") and Wimgo, LLC ("Wimgo"). Plaintiff alleges violations of Title VII, 42 U.S.C. § 1981, ERISA, and state law. All named defendants[1] have filed motions to dismiss count seven of the complaint, which is plaintiff's state law fraud and deceit claims, on the bases that plaintiff failed to plead fraud with particularity and any such claim is time-barred. Additionally, OPUBCO and Wimgo seek dismissal of count eight, in which plaintiff claims defendants breached the covenant of good faith and fair dealing, on the basis that plaintiff has no such claim under Oklahoma law. The named defendants also seek dismissal of plaintiff's claims against Does 1-25 on the basis that plaintiff could discover the identity of the unknown defendants through the exercise of reasonable diligence. The court concludes the motions should be granted as to counts seven and eight but denied to the extent defendants seek dismissal of the "Doe"

---

[1]*The named defendants are OPUBCO, Wimgo, Scott Briggs, Marilyn Hoeffner, Mike Sherman, Robert Westcott, and Joseph Hopper.*

defendants.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party.  Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010).   Unsupported, conclusory allegations, however, need not be accepted as true.  *See*  Kansas Penn Gaming, LLC v. Collings, 656 F.3d 1210, 1214 (10th Cir. 2011).  The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Additionally, allegations of fraud must be pleaded with "particularity."  *See* Fed. R. Civ. P. 9(b).  The purpose of this rule is to give the defendants "fair notice" of the basis for plaintiff's claims.  United States ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163, 1171 (10th Cir. 2010).   "At a minimum, Rule 9(b) requires that plaintiff set forth the who, what, when, where and how of the alleged fraud"; that is, "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726-27 (10th Cir. 2006) (citations omitted).  Allegations of knowledge and intent, however, need only meet Twombly's plausibility standard.  *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged

2

generally.").

## Discussion

### A. Sufficiency of plaintiff's fraud allegations

#### 1. Defendants OPUBCO and Hoeffner

Accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, the complaint contains the following as it pertains to these two defendants: Sometime in April 2009, Ms. Hoeffner advised plaintiff that he was being hired by OPUBCO as an "Interactive Web Designer."  Complaint ¶ 106 [Doc. #1].  Instead, plaintiff was actually placed as a customer service representative.  *Id.* ¶ 107. Plaintiff began work at OPUBCO that same month. *Id.* ¶ 106.  Plaintiff alleges that he would not have accepted the job had he known he was being hired to perform the duties of customer service representative instead of those of a web designer.  *Id.* ¶ 109.  Further, Ms. Hoeffner was acting within the scope of her employment as OPUBCO's Manager of Audience Development when she made these representations and hired plaintiff.  *See id.* ¶ 5.

Although  plaintiff's allegations could be more complete, the court concludes he has pleaded a fraud claim with sufficient particularity against defendants OPUBCO and Hoeffner.  Plaintiff has provided the identity of the person who made the allegedly fraudulent statements, the general content of those statements, the general time frame in which the representations were made, and the consequence of the alleged misrepresentation. Therefore, plaintiff has sufficiently alleged the "who," "what," "when," and "where"

3

requirements of pleading under Rule 9(b).

### 2. The remaining defendants

The complaint fails to identify any allegedly fraudulent statement made by any other defendant, or state any factual basis for concluding that plaintiff relied on any such representation. Therefore, plaintiff has not stated a fraud claim against any defendants other than Ms. Hoeffner and OPUBCO. Plaintiff will, however, be granted leave to cure these pleading deficiencies.

### B. Statute of limitations as to the fraud claims

The limitations period for plaintiff's fraud claims is two years from the time plaintiff knew or should have known of the alleged fraud. *See* McCain v. Combined Commc'n Corp. of Okla., Inc., 975 P.2d 865, 866-67 (Okla. 1998). The only statements claimed by plaintiff to be fraudulent are those allegedly made by Ms. Hoeffner in April 2009 concerning the position plaintiff was being hired for. The complaint alleges that plaintiff was never allowed to perform the duties of web designer but instead worked as a customer service representative from the beginning of his employment. *See* Complaint ¶¶ 16, 107. Based on these allegations, it appears plaintiff should have known Ms. Hoeffner's statements were false in April 2009. Therefore, the statute of limitations would have expired by approximately the end of April 2011. Plaintiff did not file this lawsuit until January 19, 2012. Consequently, based on the allegations on the face of the complaint, plaintiff's fraud claim is time-barred. Plaintiff will, however, have the opportunity to file an amended complaint so as to avoid the statute of limitations, if he can do so.

4

### C. Covenant of good faith and fair dealing

Plaintiff contends defendants OPUBCO and Wimgo, his former employers, breached the duty of good faith and fair dealing by discriminating against him on the basis of his race and sex. *See generally* Complaint ¶¶ 112-17.  Plaintiff argues, without citation to authority, that the duty of good faith and fair dealing is "fundamental to any employment relationship."

It is not altogether clear what plaintiff intends with respect to this claim.  In light of his request for punitive damages per the prayer for relief, he is presumably seeking to assert a tort claim.  To the extent he does, plaintiff's claim must be dismissed.   A tort claim based on breach of the duty of good faith and fair dealing is premised on the "special relationship" between an insurer and its insured.  *See* Christian v. Am. Home Assur. Co., 577 P.2d 899, 902 (Okla. 1977).   The Oklahoma Supreme Court has concluded there is "no implied covenant of good faith and fair dealing that protects an at-will employment relationship from termination."  Gilmore v. Enogex, Inc., 878 P.2d 360, 362-63 (Okla. 1994) (citing Burk v. K-Mart Corp., 770 P.2d 24, 26-28 (Okla. 1989)).  So to the extent plaintiff purports to assert a tort claim, the motion to dismiss must be granted.

If plaintiff is attempting to assert a contract claim based on an alleged breach of the duty of good faith and fair dealing, the analysis is similar.  Oklahoma law recognizes a duty of good faith and fair dealing, ordinarily sufficient to support a breach of contract claim, which inheres in almost every contract.  *See* First Nat'l Bank & Trust Co. of Vinita v. Kissee, 859 P.2d 502, 509 (Okla. 1993). However, that covenant is not applicable to the at-will

employment relationship.[2]  Burk, 770 P.2d at 26-28.  Moreover, the **exclusive** state-law remedy for race- and sex-based discrimination is the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1101(A), so any other state-law claim premised on discrimination is precluded. Therefore, plaintiff has not stated a contract claim based on breach of the implied covenant of good faith and fair dealing.

### D. "Doe" defendants

Counts one through eight of the complaint are also asserted against Does 1-25.  The named defendants move to dismiss plaintiff's claims against the Doe defendants on the basis that plaintiff could uncover the identity of these persons through reasonable inquiry. Defendants rely principally upon Stratton v. City of Boston, where the court granted the named defendants' unopposed motion to dismiss civil rights claims against "Certain Unknown Officers" because "the plaintiffs could have inquired and obtained the names of the police officers on duty [at the time the alleged conduct occurred]."  731 F. Supp. 42, 45 (D. Mass. 1989).  Defendants further argue that allowing plaintiff's claims against the Doe defendants to remain would somehow permit the plaintiff to embark on a "discovery-based fishing expedition."

The court is unpersuaded that dismissing the Doe defendants is appropriate at this time.  Although Stratton involved a preliminary motion to dismiss, the other cases defendants rely upon following Stratton were decided at summary judgment.  *E.g.* McKnight v.

---

[2]*There is no allegation in the complaint which suggests plaintiff's employment relationship with OPUBCO or Wimgo was anything other than at-will.*

6

McDuffy, No. CV405-183, 2007 WL 1087280 (S.D. Ga. April 9, 2007); Husband v. Fair, No. Civ. A. No. 86-2865-Z, 1993 WL 343669 (D. Mass. Aug. 30, 1993). And here, there is no apparent prejudice to the named defendants from the inclusion of the Doe defendants. The identities of the persons involved in the alleged discrimination will be within the scope of discovery regardless of whether the Doe defendants are named in the caption. Additionally, any addition or substitution of defendants will be governed by Rule 15, and the inclusion of Doe defendants will ordinarily not relate-back to the initial filing date for purposes of the statute of limitations. *See* Garrett v. Fleming, 362 F.3d 692, 696-97 (10th Cir. 2004). If the plaintiff is unable to identify the unknown defendants, then dismissal of the Doe defendants will be appropriate at a later stage in the litigation.[3]  Therefore, defendants' motions will be denied as to the claims against Does 1-25.

## Conclusion

The motions to dismiss [Doc. Nos. 11-13] are **GRANTED** as to plaintiff's fraud claims and as to his claims for breach of implied covenant. They are **DENIED** as to the Doe defendants. Plaintiff is granted leave to amend to address the noted deficiencies, if he can do so, **within fourteen (24) days of entry of this order**.

---

[3]*Plaintiff is reminded that Rule 4(m) is applicable to the service of process on Doe defendants. See* Scott v. Hern*, 216 F.3d 897, 911-12 (10th Cir. 2000).*

7

**IT IS SO ORDERED**.

Dated this 2nd day of April, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE